UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re Administrative Subpoena No. 25-1431-014 | 2:25-mc-00054 |

MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION TO PROCEED UNDER PSEUDONYM

Jill E. Steinberg (PA 82127)
J. Chesley Burruss (PA 331521)
Kevin M. Hayne* (NY 5967526)
Elizabeth A. Lilly (PA 336185)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
steinbergj@ballardspahr.com
burrussc@ballardspahr.com
haynek@ballardspahr.com
lillye@ballarspahr.com

Mary M. McKenzie (PA 47434)
Daniel Urevick-Ackelsberg (PA 307758)
Meghan Binford (PA 321212)
Olivia Mania (PA 336161)
PUBLIC INTEREST LAW CENTER
2 Penn Center
1500 JFK Blvd., Suite 802
Philadelphia, PA 19102
267-546-1316
mmckenzie@pubintlaw.org
dackelsberg@pubintlaw.org
mbinford@pubintlaw.org
omania@pubintlaw.org

*Counsel for Movants*
*Pro hac vice forthcoming

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................... 1

II. BACKGROUND ...................................................................................................... 1

III. LEGAL STANDARD............................................................................................... 2

IV. ARGUMENT ........................................................................................................... 3

    A. Factor 1: Movants Have Not Disclosed their Identity to the Administration, and are Fearful of that Disclosure ........................................................... 4

    B. Factor 2: Disclosure of Movants' Identities Could Result in Severe Harms .......... 5

    C. Factor 3: Denying Anonymity Will Discourage Similarly Situated Movants from Litigating Important Claims ................................................................ 6

    D. Factor 4: This Litigation Centers Around the Constitutional Right to Privacy and There is Virtually no Public Interest in Movants' Identities ............................ 7

    E. Factor 5: Movants' Refusal to Pursue the Case if They are Publicly Identified Weighs in Favor of Proceeding Under Pseudonym ................................ 8

    F. Factor 6: Movants Fears Are Legitimate ................................................................. 9

    G. The Factors Disfavoring Anonymity in this Case are Insubstantial ....................... 9

V. CONCLUSION....................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Doe 1 v. Perkiomen Valley Sch. Dist.*,
 No. 22-CV-287, 2022 WL 222525 (E.D. Pa. Jan. 25, 2022) ............................................. 2, 3, 7

*Doe v. Cristini*,
 No. 2:24-CV-00336-CCW-CBB, 2025 WL 640663 (W.D. Pa. Feb. 27, 2025) ............ 5, 6, 8, 9

*Doe v. Gardens for Memory Care at Easton*,
 No. 5:18-cv-4027 ..................................................................................................................... 6

*Doe v. Genesis HealthCare*,
 535 F. Supp. 3d 335 (E.D. Pa. 2021) ....................................................................................... 6

*Doe v. Lund's Fisheries, Inc.*,
 No. CV 20-11306 (NLH/JS), 2020 WL 6749972 (D.N.J. Nov. 17, 2020) ............................... 7

*Doe v. Lyft, Inc.*,
 No. CV 23-3990-KSM, 2023 WL 8702729 (E.D. Pa. Dec. 15, 2023) ...................................... 4

*Doe v. Megless*,
 654 F.3d 404 (3d Cir. 2011) ............................................................................................ *passim*

*Doe v. N.J. State Prison*,
 No. CV 24-8290 (ZNQ), 2024 WL 3738538 (D.N.J. Aug. 9, 2024) ...................................... 10

*Doe v. Oshrin*,
 299 F.R.D. 100 (D.N.J. 2014) ........................................................................................... 8, 10

*Doe v. Pa. Dep't of Corr.*,
 585 F. Supp. 3d 797 (W.D. Pa. 2022) ............................................................................. *passim*

*Doe v. Pa. Dep't of Corr.*,
 No. 4:19-cv-01584, 2019 WL 5683437 (M.D. Pa. Nov. 1, 2019) ........................................... 5

*Doe v. Provident Life & Acc. Ins. Co.*,
 176 F.R.D. 464 (E.D. Pa. 1997) .............................................................................................. 3

*Doe v. Triangle Doughnuts, LLC*,
 No. 19-CV-5275, 2020 WL 3425150 (E.D. Pa. June 23, 2020) ...................................... 2, 3, 7

*Doe v. Univ. of Scranton*,
 No. 3:19-CV-1486, 2020 WL 1244368 (M.D. Pa. Mar. 16, 2020) .................................. 2, 4, 7

*Doe(s) v. Pittsburgh Reg'l Transit*,
　684 F. Supp. 3d 417 (W.D. Pa. 2023)..................................................................4, 8

*Moe v. Saul*,
　No. CV 20-1468, 2021 WL 533745 (W.D. Pa. Feb. 11, 2021) ............................6, 9

*Morris v. Pa. Dep't. of Corr.*,
　No. 22-CV-735, 2022 WL 18635245 (W.D. Pa. Nov. 28, 2022) ..............................8

*In Re: Subpoena No. 25-1431-014*,
　2:25-mc-00039 (E.D. Pa. July 8, 2025) ...................................................................8

**Other Authorities**

*2021 National School Climate Survey, Gay, Lesbian and Straight Education
　Network,* GLSEN (Oct. 18, 2022),
　https://www.glsen.org/sites/default/files/2022-10/NSCS-2021-Full-Report.pdf ......6

Fed. R. Civ. P. 10(a) ........................................................................................................2

*Human Rights Violations against Transgender Communities in the US*, HUMAN
　RIGHTS WATCH, (Sep. 12, 2023 at 6:52PM EDT),
　https://www.hrw.org/news/2023/09/12/human-rights-violations-against-
　transgender-communities-us ....................................................................................5

Philip Graham, *Transgender Children and Young People: How the Evidence can
　Point the Way Forward*, BJPSYCH BULL. (Apr. 2023),
　https://pmc.ncbi.nlm.nih.gov/articles/PMC10063975 ..............................................6

*Transgender People over Four Times More Likely than Cisgender People to be
　Victims of Violent Crime,* UCLA SCH. OF L. WILLIAMS INST (Mar. 23, 2021),
　https://williamsinstitute.law.ucla.edu/press/ncvs-trans-press-release/.......................5

## I. INTRODUCTION

Movants collectively represent patients and former patients of Children's Hospital of Philadelphia who received gender-affirming care, along with their parents. They seek to quash or limit a Subpoena issued by the Department of Justice to Children's Hospital to protect their personal identifying information and medical records—containing extremely intimate information about the gender identity, mental health, and sexual health of children—from disclosure.

Contemporaneous with the filing of their Motion to Quash, Movants file this motion to proceed under pseudonym for any matters in this case. They do so because they know, as courts in this Circuit have long recognized, an individual's transgender status is one that carries societal stigma and the very real danger of bullying, harassment, discrimination, and violence. They do so because the case involves the most intimate form of personal information: the medical, mental health, and reproductive health records of young people. They do so because the Department of Justice demands their records in connection with an effort to portray informed medical decisions between patients, their families and well-respected medical institutions and doctors as "mutilation" equal to child abuse. They do so because, to accomplish the goals of this litigation, they must stay anonymous, as the discovery of their identities is one of the precise harms they seek to avoid. And they do so jointly, because identification of a parent's name would necessarily reveal the identity of their child—and vice versa.

The deeply sensitive nature of this matter is beyond dispute, and this is precisely the type of case that warrants proceeding under pseudonym. The motion should therefore be granted.

## II. BACKGROUND

For the purposes of brevity, Movants incorporate the background section from their Memorandum of Law in Support of Motion to Quash Subpoena Duces Tecum and their supporting declarations.

### III.     LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) generally requires parties to identify themselves in pleadings but permits plaintiffs to proceed anonymously in certain "exceptional" circumstances. *Doe v. Triangle Doughnuts, LLC*, No. 19-CV-5275, 2020 WL 3425150, at *4 (E.D. Pa. June 23, 2020) (citing *Doe v. Univ. of Scranton*, No. 3:19-CV-1486, 2020 WL 1244368, at *1 (M.D. Pa. Mar. 16, 2020)), *cf.* Fed. R. Civ. P. 10(a). Such circumstances include matters of a "highly sensitive and personal nature, [with a] real danger of physical harm, or circumstances where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Triangle Doughnuts, LLC*, 2020 WL 3425150, at *4 (citing *Univ. of Scranton*, 2020 WL 1244368, at *1). Further, the "public may have an interest in maintaining the confidentiality of a litigant's identity when he or she belongs to a particularly vulnerable class or when the subject matter is highly personal." *Doe 1 v. Perkiomen Valley Sch. Dist.*, No. 22-CV-287, 2022 WL 222525, at *2 (E.D. Pa. Jan. 25, 2022).

The Third Circuit applies a balancing test that considers the party's interest in avoiding serious harm against the interest of the public in open judicial proceedings. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). Recognizing that any list of factors is non-exhaustive, and that a district court must consider any specific issues which the facts of the particular case implicate, *id.*, the Third Circuit has explained that the following factors generally weigh in favor of anonymity:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409. (quoting *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467–68 (E.D. Pa. 1997)). Factors weighing against anonymity are:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.*

Finally, courts have repeatedly explained that anonymity may be appropriate in matters that would reveal one's gender identity, *see, e.g.*, *Megless*, 654 F.3d at 408; *Doe v. Pa. Dep't of Corr.*, 585 F. Supp. 3d 797, 803 (W.D. Pa. 2022) (granting pseudonym status); *Triangle Doughnuts, LLC*, 2020 WL 3425150, at *5 (same), would reveal sensitive information about children, *see, e.g.*, *Megless*, 654 F.3d at 408; *Perkiomen Valley Sch. Dist.*, 2022 WL 222525, at *2 (same), or about sensitive mental health diagnoses, *see, e.g.*, *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 468.

## IV. ARGUMENT

The underlying Motion to Quash is a matter of great importance to Movants and to the public. Yet, absent the security that will be provided by protecting their identities, Movants attest that they will likely withdraw that motion, foreclosing the opportunity for a judicial remedy for them, their children, and the public at large.[1] For reasons courts across the Third Circuit have long recognized, they should be granted that security, so that this matter may proceed.

---

[1] *See* Decl. of Parent A.A., Ex. A ¶ 17; Decl. of Parent B.B., Ex. B ¶ 17; Decl. of Parent C.C., Ex. C ¶ 17; Joint Decl. of Parent and Child D.D., Ex. D ¶ 17; Decl. of Parent E.E., Ex. E ¶ 17 (collectively, "Movant Decls.").

### A.   Factor 1: Movants Have Not Disclosed their Identity to the Administration, and are Fearful of that Disclosure

The first factor courts often consider is the extent to which a movant has kept their identity confidential. This is a case-specific inquiry, where courts recognize that individuals must balance anonymity with understandable disclosure to family, support networks, medical providers, and employers. *See, e.g.*, *Pa. Dep't of Corr.,* 585 F. Supp. 3d at 803 (finding this factor favored anonymity where an incarcerated person "only revealed their gender identity to a limited number of people at" the prison, "including their medical providers."); *Doe v. Lyft, Inc.*, No. CV 23-3990-KSM, 2023 WL 8702729, at *2 (E.D. Pa. Dec. 15, 2023) (holding that the movant's "limited disclosure" to "those from whom she sought emotional support" and "efforts to avoid public revelation" favored anonymity); *Univ. of Scranton,* 2020 WL 1244368, at *1–2. In that inquiry, courts may further consider whether movants have or have not already made their identity known to a defendant itself. *See Doe(s) v. Pittsburgh Reg'l Transit*, 684 F. Supp. 3d 417, 431–32 (W.D. Pa. 2023).

Movants clear this bar. While children and families may have disclosed their identities to friends, other family, or school officials, they have not disclosed their identity or their children's gender identity to the Administration and have brought this action because they are specifically fearful of that possibility. Movant Decls. ¶ 11. In other words, the very "injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Univ. of Scranton*, 2020 WL 1244368, at *1.

For obvious reasons, Movants further aver that they do not intend to convey their status as litigants outside of the same support networks that courts have generally deemed to be within the scope of acceptable disclosure. Movant Decls. ¶ 16; *Univ. of Scranton*, 2020 WL 1244368, at *2; *Lyft*, 2023 WL 8702729, at *2. In short, this factor weighs in favor of Movants.

4

### B. Factor 2: Disclosure of Movants' Identities Could Result in Severe Harms

In considering the second factor, courts ask "what harm is the litigant seeking to avoid, and is the litigant's fear reasonable?" *Doe v. Cristini*, No. 2:24-CV-00336-CCW-CBB, 2025 WL 640663 at *3 (W.D. Pa. Feb. 27, 2025) (quoting *Megless*, 654 F.3d at 410). Movants, seeking to avoid a constitutional invasion of privacy, meet this standard.

To start, courts have concluded that "denying anonymity to transgender plaintiffs would result in an invasion of privacy sufficient to support the second factor of the analysis." *Pa. Dep't of Corr.*, 585 F. Supp. 3d at 806 (citing *Doe v. Pa. Dep't of Corr.*, No. 4:19-cv-01584, 2019 WL 5683437, at *3 (M.D. Pa. Nov. 1, 2019)) (transgender plaintiff faced "severe harm to his privacy" that supported anonymity).

Here denying anonymity would be an invasion of privacy with severe potential consequences. Specifically, Movants fear publication of their or their children's names will cause them or their children severe emotional distress, along with the increased possibility of bullying and harassment, discrimination, and violence. Movant Decls. ¶ 10. These fears are well-founded. "Transgender people in the U.S. are victims of targeted animosity."[2] That animosity often turns to violence, as "transgender people are over four times more likely than cisgender people to experience violent victimization, including rape, sexual assault, and aggravated or simple assault."[3] Children are not spared from this stigma. Rather, transgender students are more likely

---

[2]   *Human Rights Violations against Transgender Communities in the US*, HUMAN RIGHTS WATCH, (Sep. 12, 2023 at 6:52PM EDT), https://www.hrw.org/news/2023/09/12/human-rights-violations-against-transgender-communities-us.

[3]   *Transgender People over Four Times More Likely than Cisgender People to be Victims of Violent Crime,* UCLA SCH. OF L. WILLIAMS INST (Mar. 23, 2021), https://williamsinstitute.law.ucla.edu/press/ncvs-trans-press-release/.

5

to experience disbelief, mockery, and bullying than their peers.[4] Courts have found that the reality of this potential harm supports leave to proceed under a pseudonym. *Pa. Dep't of Corr.*, 585 F. Supp. 3d at 805 (citing *Doe v. Genesis HealthCare*, 535 F. Supp. 3d 335, 340 (E.D. Pa. 2021)) (plaintiff cited "statistical evidence and media reports describing the danger faced by transgender individuals in the community."); *Doe v. Gardens for Memory Care at Easton*, No. 5:18-cv-4027, Dkt. No. 3 at 2 (M.D. Pa. Sept. 21, 2018) (same)).

All told, Movants' fears go well "beyond a generic concern about having [their or their children's] medical issues publicized," *Moe v. Saul*, No. CV 20-1468, 2021 WL 533745, at *1 (W.D. Pa. Feb. 11, 2021), and strongly favor allowing them to proceed in this manner.

### C. Factor 3: Denying Anonymity Will Discourage Similarly Situated Movants from Litigating Important Claims

The third factor considers whether forcing parties to reveal their names would deter other similarly situated litigants from bringing claims that the public should see have litigated. *Cristini*, 2025 WL 640663, at *3.

This is a matter of significant public importance: an alleged violation of the constitutional right to privacy of children and their families. And given the current political and social climate, a lack of anonymity in this case would likely chill other transgender litigants from filing similar suits challenging violations of their constitutional rights. Moreover, courts have previously determined that "transgender plaintiffs would be deterred from suing if unable to do so anonymously because of deep and widespread social stigma against them." *Pa. Dep't of Corr.*, 585 F. Supp. 3d at 806

---

[4] Philip Graham, *Transgender Children and Young People: How the Evidence can Point the Way Forward*, BJPSYCH BULL. (Apr. 2023), https://pmc.ncbi.nlm.nih.gov/articles/PMC10063975; *2021 National School Climate Survey, Gay, Lesbian and Straight Education Network,* GLSEN (Oct. 18, 2022), https://www.glsen.org/sites/default/files/2022-10/NSCS-2021-Full-Report.pdf.

(citing *Triangle Doughnuts, LLC*, 2020 WL 3425150, at *6 (transgender plaintiffs would be deterred from suing former employers if unable to do so pseudonymously); *Univ. of Scranton*, 2020 WL 1244368, at *3 (generally, plaintiffs alleging sexual orientation discrimination would be unlikely to sue if not allowed to proceed pseudonymously).

This concern is exacerbated where the harm a litigant is specifically seeking to avoid is an invasion of privacy. As a court of this Circuit recently acknowledged, it would be counterintuitive to require a party to "give up their privacy" in order to litigate claims relating to a "violation of their right to privacy," because individuals would be "less likely to litigate invasion of privacy claims if doing so requires public exposure of the private subject matter they seek to protect." *Pa. Dep't of Corr.*, 585 F. Supp. 3d at 806–807.

Finally, the public interest in maintaining confidentiality is only made greater when, as here, children are involved, because the "public has an interest in maintaining the confidentiality of a litigant's identity when the consequences of revealing it include revealing the identities of vulnerable parties, such as children[.]" *Doe v. Lund's Fisheries, Inc.*, No. CV 20-11306 (NLH/JS), 2020 WL 6749972, at *3 (D.N.J. Nov. 17, 2020); *accord Perkiomen Valley Sch. Dist.*, 2022 WL 222525, at *2 (favoring anonymity where "three of the litigants are children and are thus members of a vulnerable class, and the subject matter of the litigation pertains to their disabilities, a highly personal topic."). In sum, this factor easily weighs in favor of maintaining anonymity.

### D. Factor 4: This Litigation Centers Around the Constitutional Right to Privacy and There is Virtually no Public Interest in Movants' Identities

The fourth factor considers whether "the facts [are] relevant to the outcome of the claim[.]" *Megless*, 654 F.3d at 410. "Anonymity is favored when the case involves issues purely of law[,]" while "[a] highly fact-dependent case weighs against anonymity." *Pa. Dep't of Corr.*, 585 F. Supp. 3d at 807 (citations omitted).

The underlying motion to quash involves the constitutional right to privacy in, among other things, children's medical records. No discovery is needed to evaluate this claim. *See Doe v. Oshrin*, 299 F.R.D. 100, 104 (D.N.J. 2014) (fourth factor favors anonymity where "allegations set forth in Plaintiff's complaint require the Court to resolve primarily legal issues"). Indeed, the United States agreed in litigation over the Subpoena at issue that it "requests sensitive health information about children, gender, and sexuality," the records at stake "do in fact likely contain sensitive information," and "because the information is sensitive—disclosures could cause embarrassment or harm" *In Re: Subpoena No. 25-1431-014*, 2:25-mc-00039 (E.D. Pa. July 8, 2025), Dkt. No. 13 at 9–10. Neither this Court nor the United States need to know Movants' identities in considering whether, as a matter of law, the Subpoena violates the right to privacy of patients and their parents.

### E.    Factor 5: Movants' Refusal to Pursue the Case if They are Publicly Identified Weighs in Favor of Proceeding Under Pseudonym

Movants' inability to continue pursuing the motion to quash if they are to be publicly identified also weighs in favor of proceeding under pseudonym. In assessing the fifth factor, courts ask whether "the claim [will] be resolved on its merits if the litigant is denied the opportunity to proceed using a pseudonym, or [if] the litigant [will] potentially sacrifice a potentially valid claim simply to preserve their anonymity[.]" *Cristini*, 2025 WL 640663 at *4 (quoting *Megless*, 654 F.3d at 410). Where there is no indication that a litigant will not move forward if their identity is revealed, this factor weighs against proceeding under pseudonym. *See Doe(s) v. Pittsburgh Reg'l Transit*, 684 F. Supp. 3d 417, 432 (W.D. Pa. 2023); *see also Morris v. Pa. Dep't. of Corr.*, No. 22-CV-735, 2022 WL 18635245 at *5 (W.D. Pa. Nov. 28, 2022), *report and recommendation adopted*, No. CV 22-735, 2023 WL 33085 (W.D. Pa. Jan. 4, 2023) (denying motion to proceed under pseudonym where plaintiff commenced the action in his own name, plaintiff's fears of

disclosure were remote and speculative, and plaintiff would maintain the action even if his identity was revealed).

Here, Movants are likely to abandon their motion if they are not permitted to proceed anonymously to preserve their and their children's safety. Movant Decls. ¶ 17. Movants have a well-founded fear that if they are forced to identify themselves in the content of this dispute their or their children's gender identities will be disclosed to the Government and the public at large, and they will be exposed to a significant risk of harm including hatred and violence.

### F.     Factor 6: Movants Fears Are Legitimate

Finally, Movants are not seeking to proceed under pseudonym for "illegitimate" or "nefarious" reasons. *Cristini*, 2025 WL 640663 at * 4 (quoting *Megless*, 654 F.3d at 411). *See also Moe*, 2021 WL 533745, at * 1 (finding in favor of proceeding anonymously where there was no evidence that plaintiff's motives were fabricated or illegitimate). On the contrary, Movants have genuine and well-founded fears for their safety and the safety of their children and family members should their identities be revealed through this litigation.

### G.     The Factors Disfavoring Anonymity in this Case are Insubstantial

The factors disfavoring anonymity include (1) the public interest in access to the identities of litigants; (2) the status of the litigant as a public figure, or if there is a particularly strong interest in knowing the litigant's identity; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. *Megless*, 654 F.3d at 408.

Regarding the first factor, anonymity is disfavored where the litigants are public figures. *Cristini*, 2025 WL 640663 at * 5. Here, Movants are not public figures and therefore there is "no apparent reason the public would have an interest in [their] identit[ies]." *Id.* at *2. This factor is therefore inapplicable.

Regarding the second factor, courts have found there may be a public interest in the non-anonymity where the party seeking that shield is a public official. *See Doe v. N.J. State Prison*, No. CV 24-8290 (ZNQ), 2024 WL 3738538, at *4 (D.N.J. Aug. 9, 2024) ("Although Defendants are a purported public entity and public officials, this factor focuses on the status of the litigant seeking to proceed pseudonymously, not of the opposing parties."). Each Movant, however, "is a private citizen seeking to litigate private and highly-sensitive issues, not a public official for whom the public possesses a heightened interest." *Oshrin*, 299 F.R.D. at 104. Similarly, Courts may find a public interest where an issue concerned "the expenditure of tax dollars," often in the context of conditions of correctional facilities. *Pa. Dep't of Corr.*, 585 F. Supp. 3d at 808 . Neither is the case here.

Finally, regarding the third factor, the United States does not oppose the motion. Moreover, opposition to the use of a pseudonym by public or the press is not anticipated.

\* \* \*

The children and families before this Court are at particular and heightened risk of harassment and harm. The risk of "outing" vulnerable children and families to the Government and the public at large, along with Movants' commitment to keeping their identity confidential, all support granting them anonymity.

Movants face dangers if they are not allowed to proceed anonymously that outweigh any prejudice the other parties may face. It is in the public interest to allow Movants to defend their privacy interests and the interests of their children without compromising the privacy or safety of themselves and their children.

## V. CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant this Motion to Proceed Under Pseudonym.

Dated: September 22, 2025

Jill E. Steinberg (PA 82127)
J. Chesley Burruss (PA 331521)
Kevin M. Hayne* (NY 5967526)
Elizabeth A. Lilly (PA 336185)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
steinbergj@ballardspahr.com
burrussc@ballardspahr.com
haynek@ballardspahr.com
lillye@ballarspahr.com

Respectfully submitted,

By: /s/ *Mary M. McKenzie*
Mary M. McKenzie (PA 47434)
Daniel Urevick-Ackelsberg (PA 307758)
Meghan Binford (PA 321212)
Olivia Mania (PA 336161)
PUBLIC INTEREST LAW CENTER
2 Penn Center
1500 JFK Blvd., Suite 802
Philadelphia, PA 19102
267-546-1316
mmckenzie@pubintlaw.org
dackelsberg@pubintlaw.org
mbinford@pubintlaw.org
omania@pubintlaw.org

*Counsel for Movants*
*\*Pro hac vice forthcoming*